UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSEPH AARON HENRY,** | § | |
| **TDCJ No. 1745887,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **NO. SA-16-CV-284-DAE (PMA)** |
| | § | |
| **KERR COUNTY, TEXAS,** | § | |
| **KERR COUNTY SHERIFF'S DEPT.,** | § | |
| **PHILIP KARASEK,** | § | |
| **JOHN LAVENDER,** | § | |
| **GARY CHAPMAN,** | § | |
| **DAVID MOTLEY,** | § | |
| **PHILIP S. JACOBS,** | § | |
| **E. BRUCE CURRY,** | § | |
| **LINDA UECKER,** | § | |
| **JANNETT PIEPER,** | § | |
| **ROBIN BURLEW. and** | § | |
| **HEATHER STEBBINS,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Joseph Aaron Henry, currently an inmate at the Texas Department of Criminal Justice's Coffield Unit, has filed a civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants the "County of Kerrville" the "Kerrville Sheriff's Department," and a variety of state court judges, prosecuting attorneys, defense attorneys, and various officials and employees of the Kerr County District Clerk's office. For the reasons set forth below, plaintiff's claims are subject to summary dismissal as frivolous.

## I. <u>Background</u>

Public records maintained by the Texas Department of Criminal Justice and Texas Court of Criminal Appeals and Kerr County District Clerk reveal that plaintiff was convicted (1) in Kerr

County cause no. A92-385 for burglary of a building and sentenced February 18, 1993 to serve a ten-tear term of incarceration; (2) in Menard County cause no. 2011-02227 for the sexual assault of a child and sentenced October 27, 2011 to serve a twenty-year term of incarceration; (3) in Kerr County cause no. B11-160 of aggravated sexual assault of a child and sentenced November 8, 2011 to serve a twenty-year term of incarceration; (4) in Kerr County cause no. B10-607 for aggravated assault with a deadly weapon and sentenced to serve a forty-five-year term of incarceration; and (5) in Kerr County cause no. B11-161 of prohibited sexual conduct and sentenced November 8, 2011 to serve a ten-year term of incarceration.

In his original complaint in this § 1983 action, filed March 18, 2016 (ECF no. 1), plaintiff (1) challenges the validity of his convictions in Kerr County cause no. A92-385 and Menard County cause no. 2011-02227; (2)  alleges that on or about August 9-11, 1992, he was arrested without probable cause and subjected to excessive force (i.e., tortured by having his handcuffed hands yanked by law enforcement officers and by being placed in a hot patrol car with the windows up for several hours) by Kerr County Sheriff's Deputies; (3) alleges that following his arrest on or about August 10-11, 1992, he was not taken before a Magistrate within the time frame mandated by the Texas Family Code for juvenile offenders; (4) alleges Kerr County law enforcement officers failed to search the vicinity for evidence at the time of plaintiff's August, 1992 arrest for evidence which might have led to the identification and arrest or other suspects in the burglary; (5) alleges that he was coerced into confessing to the offense of burglary of a building by threats from law enforcement officers and unkept promises by prosecutors and his defense attorney that he would receive a probated sentence and would immediately be released from custody; (6) alleges his guilty plea to the burglary charge was involuntary because it was based on threats and an unkept offer of leniency and

the ineffective assistance of his defense counsel; (7) alleges that on August 13, 1992 and September 18, 1992, prosecutors failed to disclose exculpatory information, including forensic evidence, to plaintiff's defense attorney in connection with cause no. A92-385; (8) alleges that following plaintiff's sentencing on or about November 19, 1992, the state district judge erroneously refused to allow plaintiff to withdraw his guilty plea; (9) alleges between July 2, 2013 and March 23, 2015, plaintiff was unable to retrieve copies of his records from the juvenile proceeding (Kerr County cause no. J92-53-A) which was later transferred to state district court where plaintiff was prosecuted as an adult (i.e., cause no. A920385) because officials and employees at the Kerr County District Clerk's office failed in 1999 and 2013 to properly maintain, or lost, or otherwise conspired to deprive plaintiff of access to those documents; (10) alleges there is legally insufficient evidence to support his burglary conviction; (11) alleges his defense attorney rendered ineffective assistance in connection with plaintiff's 1993 guilty plea in cause A92-385; (12) alleges Kerr County's prosecuting attorneys and the district judge conspired to have an incompetent attorney assigned to represent plaintiff in cause no. A92-385; (13) alleges his Kerr County conviction in cause A92-385 was declared void for want of jurisdiction in cause no. 2011-02227; (14) alleges Kerr County had a policy, practice, and custom of discriminating against plaintiff "as a class of one;" and (16) alleges the Kerr County District Clerk failed in 1999 and 2013 to respond to plaintiff's written requests that her office investigate the alleged loss or destruction of plaintiff's juvenile court records in cause J92-53-A.  Plaintiff requests (1) an injunction forbidding the Kerr County District Clerk and her employees from impeding plaintiff's access to court records in his juvenile criminal proceeding; (2) monetary damages in the amount of ten million dollars from the "County of Kerrville" [sic] and "Kerrville Sheriff's Department" [sic], four million dollars from various state district judges and

prosecuting attorneys, and one million dollars from the Kerr County District Clerk and employees of that office; (3) punitive damages in the amount of two million one hundred thousand dollars; (4) an order directing state officials to comply with various provisions of the Texas Civil Practice and Remedies Code; and (5) a jury trial on the original burglary charge previously adjudicated as cause no. A92-385.

In a Show Cause Order issued March 23, 2016 (ECF no. 3), the Magistrate Judge informed plaintiff of various deficiencies in his original complaint and instructed plaintiff to file an amended complaint addressing those deficiencies.

On April 18, 2016 (ECF no. 4), plaintiff filed his first amended complaint and alleged therein that (1) his conviction in cause no. A92-385 was voided on or about October 24, 2011; (2) he filed an original mandamus action in the Texas Fourth Court of Appeals; (3) he wishes to drop all of his claims against Judges Ables and Stacy;[1] (4) his rights under the Texas Family Code were violated by various Kerr County deputies at the time of his arrest in 1992 and in the hours immediately thereafter; (5) David Motley failed to properly investigate the criminal charge against plaintiff, failed to divulge unidentified exculpatory evidence, and employed false police reports to guarantee plaintiff's detention from August 13, 1992 through September 18, 1992; (6) E. Bruce Curry failed to verify plaintiff's waiver of jurisdiction and stood mute when Judge Ables refused to permit plaintiff to withdraw his guilty plea; (7) Judge Barton voided plaintiff's conviction in 2011;

---

[1] In his original complaint, plaintiff named state judges Stephen B. Ables and William Stacy as defendants.  In his amended complaint, plaintiff specifically withdraws all of his claims against these two defendant and requests they be stricken from the list of defendants.  ECF no. 4, at p. 6: "I will at this point DROP all liability in this suit against Judges Stephen B. Ables and William Stacy and have removed them from my defendants list."  For that reason, this Court has deleted the names of Judges Ables and Stacy from the list of defendants in the heading of this action.

(8) attorney Philip Jacobs rendered ineffective assistance to plaintiff in connection with a state criminal proceeding that involved a hearing held December 23, 1992 and conspired with prosecutors and the judge to change plaintiff's plea and have plaintiff convicted; (9) officer Karasek arrested plaintiff ; (10) officers Karasek, Lavender, and Chapman were all present at the time and place of plaintiff's arrest and watched a fellow officer manhandle plaintiff and then place plaintiff in a hot vehicle for over two hours without contacting plaintiff's parents as required by the Family Code; (11) plaintiff sent more than twenty pleadings to defendants Uecker, Pieper, and Burlew which were struck or possibly lost because those defendants failed to follow established procedures, i.e., losing files and striking pleadings without proper authority; (12) defendant Pieper failed to return a file to the  County District Clerk's office  in a Menard County hearing before Judge Berton in October, 2011; (13) defendant Stebbins subsequently wrote plaintiff to inform him the file in question was not in the custody of the Kerr County District Clerk's office,; (14) the Kerr County Sheriff's Department and Kerr County allowed their employees to "bend" established statutes in unspecified ways, i.e., to "target undesirables and discriminate against minorities and children; and (15) plaintiff was forced to take a plea and denied the opportunity to withdraw his plea.

## II. <u>Standard for Review Under Sections 1915(e) (2) (B) & 1915A</u>

When Congress enacted the Prison Litigation Reform Act of 1996 ("PLRA"), it specifically amended 28 U.S.C. § 1915(e)(2)(B)(i) and added § 1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid.  *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999).  Therefore, Plaintiff's claims herein are subject to review under § 1915(e) and dismissal as frivolous regardless of whether he paid any portion of the filing fee in this cause.  *See Ruiz v. United*

*States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

Title 28 U.S.C. § 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). In an action filed *in forma pauperis*, a court may raise sua sponte the issue of whether an action is malicious or frivolous under § 1915(e). *Neitzke v. Williams*, 490 U.S. at 327; *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *Schultea v. Wood*, 47 F.3d at 1434. Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. at 325; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Harris v. Hegmann*, 198 F.3d at 156; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d at 580 (holding frivolous complaints by a prisoner in administrative segregation regarding restrictions on his recreation and visitation time, possession of personal property, ability to purchase items from the commissary, denial of dessert, required jump suit, and handcuffs during all transfers).

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers v. Boatright*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Harris v. Hegmann*, 198 F.3d at 156; *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in fact if, after

6

providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 32-33; *Rogers v. Boatright*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010); *Samford v. Dretke*, 562 F.3d at 678; *Harris v. Hegmann*, 198 F.3d at 156 (holding a complaint is factually frivolous when the facts alleged are fantastic or delusional or the legal theory upon which a complaint relies is indisputably meritless); *Davis v. Scott*, 157 F.3d at 1005.

In reviewing a complaint under § 1915(e), a court is not bound to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. at 32-33; *Harris v. Hegmann*, 198 F.3d at 156; *Gartrell v. Gaylor*, 981 F.2d at 259. A district court may dismiss an In Forma Pauperis proceeding as frivolous under 28 U.S.C. § 1915(e) whenever it appears that the claim has no arguable basis in law or fact. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (upholding dismissal as frivolous of prisoner's complaint about the confiscation of a medical pass that was re-issued the same date it was confiscated); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (upholding dismissal as frivolous of prisoner's complaints about alleged (1) failure of prison officials to investigate prisoner's grievances against prison staff; (2) retaliation based upon plaintiff's failure to exhaust administrative remedies; and (3) negligent loss of property); *Velasquez v. Woos*, 329 F.3d 420, 421 (5th Cir. 2003). In the course of making that determination, a federal court may employ an evidentiary hearing (as suggested by the Fifth Circuit's opinion in *Spears v. McCotter*, 766 F.2d

7

179, 180-81 (5th Cir. 1985)), or a questionnaire (as suggested by the Fifth Circuit's opinions in *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994), *cert. denied*, 513 U.S. 883 (1994), and *Parker v. Carpenter*, 978 F.2d 190, 191 (5th Cir. 1992)).   The Magistrate Judge's Show Cause Order was intended to comply with the foregoing suggestions by furnishing Plaintiff with notice of the deficiencies in his original complaint and an opportunity to file an amended pleading which alleged specific facts sufficient to avoid summary dismissal of his claims herein as frivolous.   *See Brewster v. Dretke*, 587 F.3d at 767-68.

In an action proceeding under § 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.   *Harris v. Hegmann*, 198 F.3d at 156; *Schultea v. Wood*, 47 F.3d at 1434; *Gartrell v. Gaylor*, 981 F.2d at 259; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).   Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer, "as long as certain safeguards are met."   *Brewster v. Dretke*, 587 F.3d at 767; *Harris v. Hegmann*, 198 F.3d at 156; *Schultea v. Wood*, 47 F.3d at 1434.

A case is not frivolous simply because it fails to state a claim.   *Neitzke v. Williams*, 490 U.S. at 331; *Gartrell v. Gaylor*, 981 F.2d at 259; *Ancar v. Sara Plasma, Inc.*, 964 F.2d at 468.   However, if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e). *Gartrell v. Gaylor*, 981 F.2d at 259; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Mayfield v. Collins*, 918 F.2d 560, 561 (5th Cir. 1990).   A complaint is legally frivolous if it is premised on an "undisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. at 327.   An In Forma Pauperis complaint that recites bare legal conclusions, with no suggestion of supporting facts,

or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under §

1915(e).  *Ancar v. Sara Plasma, Inc.*, 964 F.2d at 468; *Gartrell v. Gaylor*, 981 F.2d at 259.

Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to

an obvious meritorious defense, such as a peremptory time bar, dismissal with prejudice is

appropriate.  *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993).

Typical examples of claims which may properly be dismissed pursuant to § 1915(e) include

(1) claims where it is clear that the defendants are immune from suit (*Neitzke v. Williams*, 490 U.S.

at 327; *Krueger v. Reimer*, 66 F.3d at 76-77 (upholding the dismissal as frivolous of civil rights

lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial

immunity; *Boyd v. Biggers,* 31 F.3d at 284-85) (holding the same)); (2) claims of infringement of

a legal interest that clearly does not exist (*Neitzke v. Williams*, 490 U.S. at 327; *Longoria v. Dretke*,

507 F.3d 898, 901 (5th Cir. 2007) (upholding dismissal as frivolous of complaints about prison

grooming regulations); *Davis v. Scott*, 157 F.3d at 1005; *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.

1995); *Biliski v. Harborth*, 55 F.3d at 162; *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992)

(affirming the dismissal as frivolous of a claim by a convicted prisoner that he had been denied the

opportunity to attend religious and educational classes with the general inmate population based

upon his diagnosis as a mental patient)); and (3) claims which are barred by limitations (*Harris v.

Hegmann*, 198 F.3d at 156; *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v.

Gaylor*, 981 F.2d at 259; *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S.

1235 (1991)).

A complaint filed by a prisoner may be dismissed as frivolous regardless of whether any

filing fee or portion thereof had been paid.  *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998),

*cert. denied*, 527 U.S. 1041 (1999).  Title 28 U.S.C. § 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  In an action filed *in forma pauperis*, a court may raise sua sponte the issue of whether an action is malicious or frivolous under § 1915(e).  *Id.*

### III. <u>Section 1983 Generally</u>

42 U.S.C. § 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights.  *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1789 (2014).  There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States.  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).

### IV. <u>*Heck v. Humphrey* Foreclosure</u>

On June 24, 1994, the Supreme Court handed down its landmark opinion in *Heck v. Humphrey,* 512 U.S. 477 (1994), in which the Supreme Court unequivocally held that no cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional conviction or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis for their incarceration, *unless* the state prisoner can show that the state criminal conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so.  *See*

*Heck v. Humphrey*, 512 U.S. at 486-87 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.")

The Fifth Circuit has applied the rule announced in *Heck* in a wide range of contexts. *See, e.g., Morris v. McAllester*, 702 F.3d 187, 189-90 (5th Cir. 2012) (preventing recovery for an unconstitutional conviction prior to showing "that the conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"), *cert. denied*, 134 S. Ct. 80 (2013); *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) ("It is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights . . . [arising] from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' "); *Cronn v. Buffington*, 150 F.3d 538, 541 & n.2 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) (applying the rule in *Heck* to collateral attacks upon a criminal conviction and parole revocation); *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995); *Hulsey v. Owens*, 63 F.3d 354, 355 n.2 (5th Cir. 1995); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

In this case, plaintiff alleges no facts showing the state criminal convictions which form the basis for plaintiff's current incarceration, i.e., Menard County cause no. 2011-02227 (sexual assault

11

of a child), Kerr County cause no. B11-160 (aggravated sexual assault of a child), Kerr County cause

no. B10-607 (aggravated assault with a deadly weapon), and Kerr County cause no. B11-161

(prohibited sexual conduct), have ever been reversed, vacated, or otherwise abrogated.  Under the

holding in *Heck*, plaintiff may not employ this § 1983 action to collaterally attack any of those state

criminal convictions.

As explained below, even if the state trial court in Menard County somehow declared "void"

plaintiff's prior Kerr County conviction in cause no. A92-385, plaintiff's Menard County trial court

proceeding took place in October, 2011, more than two years before the date plaintiff signed his

original federal civil rights complaint in this cause (i.e., on March 15, 2016).[2]

> *Heck* requires the district court to consider 'whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.'

*Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy,* 49 F.3d 175, 177

(5th Cir.1995) (citation omitted)).

> Typically, the burden is met by proving that the state court with jurisdiction
> has so ruled.  An acquittal, an order of dismissal based on the running of the statute
> of limitations on the crime or an order of dismissal reflecting an affirmative decision
> not to prosecute are examples of such a termination.  *A successful writ of habeas
> corpus may, in some instances, terminate a criminal prosecution in the defendant's
> favor.*  Even a prosecutor's failure to act on remand will at some point entitle the
> defendant to an order of dismissal.  However, the reversal of a conviction and remand
> for new trial is not, in and of itself, a termination. (*Emphasis added*).  Because
> plaintiff's Section 1983 claims herein are, in part, a form of collateral attack upon the
> constitutionality of the plaintiff's current incarceration and because the state criminal
> proceeding that resulted in plaintiff's current incarceration has not been vacated,
> reversed, or otherwise abrogated, those portions of plaintiff's Section 1983 claims
> herein which collaterally attack the validity of plaintiff's current incarceration do not

---

[2] This leads to the second problem with plaintiff's claims in this lawsuit discussed below:
they are untimely.

state a cause of action cognizable under federal civil rights principles.  Regardless of whether plaintiff exhausts state and federal habeas remedies in his efforts to collaterally attack the legality of his current incarceration, the Supreme Court's holding in *Heck* forecloses him from attempting to use Section 1983 for that purpose: "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."

*Brandley v. Keeshan*, 64 F.3d at 199 (*quoting Heck v. Humphrey*, 512 U.S. at 489).

The Fifth Circuit has broadly construed the Supreme Court's opinion in *Heck* to foreclose any civil rights claim that might result in a judgment that would necessarily imply the invalidity of the plaintiff's conviction.  *Edwards v. Balisok*, 520 U.S. at 646-49; *Heck v. Humphrey*, 512 U.S. at 486-87; *Arvie v. Broussard*, 42 F.3d 249, 250 (5th Cir. 1994) (holding that, where a suit brought pursuant to § 1983 challenges the legality of the plaintiff's conviction, the claim is not cognizable unless the conviction has been invalidated); *Boyd v. Biggers*, 31 F.3d at 282-83 (holding the same).  Plaintiff has failed to allege any specific facts showing his Menard County conviction has ever been reversed, vacated, or otherwise abrogated.

## V. Limitations Bars Most of Plaintiff's § 1983 Claims

Plaintiff signed his original complaint in this action on March 15, 2016.  Plaintiff alleges that, in August, 1992, he was arrested without probable cause and subjected to excessive force (i.e., he was handcuffed and thereafter law enforcement officers jerked plaintiff around by his handcuffs and placed plaintiff in a hot patrol car with the windows up for several hours - depriving him of ventilation and water).  Plaintiff alleges officials and employees of the Kerr County District Clerk's office either negligently or deliberately failed to properly maintain the records from his juvenile criminal proceeding, i.e., cause no. J92-53-A, such that those records were lost or otherwise unavailable to him for many years until his state defense counsel in Menard County obtained those

records in connection with plaintiff's 2011 Menard County criminal proceeding.  Plaintiff also complains about various acts and omissions allegedly committed by state district judges and Kerr County prosecutors in 1992 and 1993.

There is no federal statute of limitations for § 1983 actions.  *Hardin v. Straub*, 490 U.S. 536, 538 (1989) ("Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law."); *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d 911, 916 (5th Cir. 2012); *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991).  Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d at 916; *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. ), *cert. denied*, 534 U.S. 820 (2001); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

In Texas, the applicable limitations period is two years.  *Crostley v. Lamar County, Texas*, 717 F.3d 410, 421 (5th Cir. 2013) ("the limitations period for a § 1983 claim is the same as for personal injury actions in the forum state, which in Texas is two years"); *Cuadra v. Houston Independent School District*, 626 F.3d 808, 814 n.7 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2972 (2011); *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008); *Price v. City of San Antonio, Tex.,* 431 F.3d 890, 892 (5th Cir. 2005); *Piotrowski v. City of Houston*, 237 F.3d at 576; Tex. Civ. Prac. & Rem. Code §16.003(a).

Although state law controls the limitations period for § 1983 claims, federal law determines when the cause of action accrues.  *Wallace v. Kato*, 549 U.S. at 388 ("the accrual date of a § 1983

14

cause of action is a question of federal law that is *not* resolved by reference to state law"); *Cuadra v. Houston Independent School District*, 626 F.3d at 814 n.7; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008), *cert. denied*, 558 U.S. 829 (2009); *Piotrowski v. City of Houston*, 237 F.3d at 576.  Under the federal standard, the time of accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d at 916 ("Under federal law, the statute of limitations under § 1983 begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."); *Piotrowski v. City of Houston*, 237 F.3d at 576, (holding a plaintiff's awareness encompasses two elements: the existence of injury and causation, i.e., the connection between the injury and the defendant's actions; the plaintiff need not know that he has a cause of action, he need only know the facts that would ultimately support a claim); *Piotrowski v. City of Houston*, 51 F.3d 513, 516 (5th Cir. 1995); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

Plaintiff clearly knew or should have known in August, 1992 that he had been subjected to excessive force or at least improper conduct by the law enforcement officers who allegedly left him in a sweltering police vehicle for two hours after his arrest.  Insofar as plaintiff complains about any of the events which transpired at or around the time of his August, 1992 arrest, his claims are all barred by the two-year statute of limitations applicable to § 1983 claims in Texas.

Plaintiff was only sixteen years of age at the time of his August, 1992 arrest.  Any tolling of the statute of limitations during plaintiff's status as a minor terminated when plaintiff turned eighteen two years later.  Thus, the two-year statute of limitations on plaintiff's § 1983 claims arising from

the events at or around the time of plaintiff's August, 1992 arrest expired not later than August, 1996.

Plaintiff's malicious prosecution claim arising from his arrest and conviction in Kerr County cause no. A92-385 is likewise time barred.  A § 1983 cause of action for malicious prosecution, such as the one plaintiff has brought in this action, accrues when the criminal proceeding against the plaintiff finally terminates favorably to the plaintiff.  *Heck v. Humphrey*, 512 U.S. at 486-87; *Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1306 (5th Cir. 1995); *Brandley v. Keeshan*, 64 F.3d at 199; *Brummett v. Camble*, 946 F.2d at 1184.  According to plaintiff, his Kerr County conviction in cause no. A92-385 was declared "void" in the course of his Menard County state criminal cause no. 2011-02227 which culminated in plaintiff's sentencing on October 27, 2011, more than four years before plaintiff signed his original complaint in this cause.  Under such circumstances, plaintiff's challenge to his conviction in Kerr County cause no. A92-385 (allegedly declared void not later than October 27, 2011) is barred by the two-year statute of limitations applicable to § 1983 actions.

### VI. <u>Prosecutorial Immunity Bars Plaintiff's Claims Against Prosecutors</u>

Plaintiff's claims against prosecuting attorneys Motley and Curry are frivolous for additional reasons.  Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings, i.e, when acting as advocates of the state.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.33 (1976); *Mowbray v. Cameron County*, 274 F.3d 269, 276 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002).  Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-73 (1993); *Burns v. Reed*, 500

U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. at 427-31, 96 S. Ct. at 993-95; *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997), *cert. denied*, 522 U.S. 828 (1997); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (holding  a prosecutor is absolutely immune from Section 1983 liability for actions taken in initiating and pursuing prosecution); *Graves v. Hampton*, 1 F.3d 315, 318 & n.9 (5th Cir. 1993).  "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) ("Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial" (*quoting Buckley v. Fitzsimmons*, 509 U.S. at 273).); *see also Spivey v. Robertson*, 197 F.3d 772, 775-76 (5th Cir. 1999)  (holding prosecutors were absolutely immune from liability under §1983 for advising police regarding probable cause to obtain arrest warrant where prosecutors merely evaluated evidence brought to them and did not attest to the truth of that information), *cert. denied*, 530 U.S. 1229 (2000).

Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.  *See Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997) (holding a prosecutor is absolutely immune in connection with the initiation of a criminal proceeding except when personally acting as a complaining witness); *Mowbray v. Cameron County*, 274 F.3d at 276-77 (holding prosecutors absolutely immune for their decisions on which witnesses to call and what evidence to present, choosing expert witnesses, and preparing those witnesses for trial); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001), *cert. denied*, 534 U.S. 817 (2001); *Esteves v. Brock*, 106 F.3d at 677; *Hudson v. Hughes*, 98 F.3d at 873; *Brooks v. George County, Mississippi*,

84 F.3d 157, 168 (5th Cir.) (holding prosecutors are absolutely immune from liability for acts performed in their roles as advocates for the state but not as mere administrators or investigators), cert. denied, 519 U.S. 948 (1996).  Thus, a prosecutor is absolutely immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously.  *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003), *cert. denied*, 540 U.S. 826 (2003); *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999) (holding prosecutor was entitled to absolute immunity even if his actions were undertaken erroneously, maliciously, or in excess of his authority; prosecutor is subject to liability only if acting in clear absence of all jurisdiction).

"To determine whether prosecutorial immunity applies, we thus ask '(1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity.'"  *Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011) (holding federal prosecutor not entitled to absolute immunity for delivery of defendant's tax records to state ethics commission following acquittal of defendant in federal criminal proceeding); *Hoog-Watson v. Guadalupe County, Texas*, 591 F.3d 431, 438 (5th Cir. 2009) (holding prosecutor not entitled to absolute immunity for conduct engaged in while assisting in investigation of plaintiff's property).  *But contrast Van de Kamp v. Goldstein*, 555 U.S. 335, 341-49, 129 S. Ct. 855, 861-64, 172 L. Ed. 2d 706 (2009) (holding absolute prosecutorial immunity applied to supervisory prosecutors accused of having failed to (1) adequately train trial prosecutors in their duties to criminal defendants to disclose impeachment evidence and (2) implement a system to collect and transmit to defense counsel impeachment evidence from jailhouse informants and other sources).

In addition, even if the actions about which plaintiff complains herein were undertaken by

18

the prosecutor without regard to any pending judicial proceeding, the prosecutor is still entitled to the protection afforded by the doctrine of qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. at 273; *Burns v. Reed*, 500 U.S. at 495-96; *Brown v. Lyford*, 243 F.3d at 189-90 (a special prosecutor was entitled to qualified immunity with regard to complaints about his investigation into an alleged offense); *Hughes v. Tarrant County Texas*, 948 F.2d 918, 923 n.3 (5th Cir. 1991); *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988); *Marrero v. City of Hialeah*, 625 F.2d 499, 504-10 (5th Cir. 1980), *cert. denied sub nom. Rashkind v. Marrero*, 450 U.S. 913 (1981). For instance, a prosecutor does not enjoy absolute immunity for such actions as acting as a complaining witness *(Kalina v. Fletcher*, 522 U.S. at 124-31) or filing a motion to remove a fugitive complaint from a county court criminal docket (*Sanchez v. Swyden*, 139 F.3d 464, 466-69 (5th Cir. 1998), *cert. denied*, 525 U.S. 872 (1998)) but nonetheless is entitled to assert qualified immunity as a defense in civil actions challenging those actions. *Buckley v. Fitzsimmons*, 509 U.S. at 273; *Burns v. Reed*, 500 U.S. at 495-96. The determination of whether a prosecutor's actions are entitled to absolute, as opposed to merely qualified, immunity turns on a functional approach under which the prosecutor is absolutely immune when acting as an advocate for the State. *Burns v. Reed*, 500 U.S. at 491; *Mowbray v. Cameron County*, 274 F.3d at 276-77.

Plaintiff has alleged no specific facts showing that the actions of prosecuting attorneys Curry and Motley fell outside the proper scope of the duties of a prosecuting attorney or outside the advocacy role of a prosecutor. Instead, plaintiff alleges in conclusory fashion only that defendants Curry and Motley conspired with plaintiff's criminal defense counsel and state judges without explaining how this alleged conduct impinged upon plaintiff's federal constitutional rights. In short, plaintiff has failed to allege any specific facts showing defendant Curry's or defendant Motley's

alleged conduct in connection with plaintiff's state criminal proceedings took place in any context other than their roles as prosecutors.

## VII. Claims Against Plaintiff's Former Defense Counsel

Plaintiff's claims against his former criminal defense counsel in Kerr County cause no. A92-385, attorney Philip S. Jacobs, are frivolous. Plaintiff has alleged no specific facts showing that attorney Jacobs acted under color of state law while defending plaintiff. Under ordinary circumstances, a defense attorney representing a criminal defendant is not subject to suit in a civil rights action. *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983); *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir. 1988). The reason for this principle is that, when representing a criminal defendant in a state criminal proceeding, a defense attorney's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk County v. Dodson*, 454 U.S. at 318-19. *West v. Atkins*, 487 U.S. at 50; *Polk County v. Dodson*, 454 U.S. at 323 n.13; *Hudson v. Hughes*, 98 F.3d at 873.

An exception to this general rule exists, however, when it is established that the criminal defense attorney engaged in intentional misconduct, such as conspiring with state authorities to deprive the criminal defendant of his liberty without due process of law. *Tower v. Glover*, 467 U.S. 914, 921-23 (1984); *Mills v. Criminal District Court #3*, 827 F.2d at 679. This narrow exception only applies to defeat a defendant's motion to dismiss or for summary judgment where there are specific facts alleged in support of a civil rights plaintiff's allegations of conspiracy. Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Streetman v.*

*Jordan*, 918 F.2d 555, 557 (5th Cir. 1990); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir.

1989), *cert. denied*, 493 U.S. 1083 (1990); *Brinkman v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986).

Conclusory allegations of conspiracy between a criminal defense counsel and prosecutors or

government agents do not state a federal civil rights cause of action. *Mills v. Criminal District Court*

*#3*, 837 F.2d at 679; *Gipson v. Rosenberg*, 797 F.2d 224, 225-26 (5th Cir. 1986), *cert. denied*, 481

U.S. 1007 (1987); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985), *cert. denied*, 479 U.S. 826

(1986); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).  Furthermore, conclusory

allegations regarding conspiracy in a Section 1983 lawsuit are insufficient to withstand either

scrutiny under 28 U.S.C. § 1915(d) or a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6).  *See Krueger v. Reimer,* 66 F.3d 75, 77 (5th Cir. 1995) (affirming the dismissal

as frivolous of a convicted prisoner's conclusory allegations of a conspiracy between a state district

judge and a prosecuting attorney); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Turner v.*

*Upton County,* 967 F.2d 181, 186 (5th Cir. 1992) (holding global allegations of conspiracy,

unsubstantiated with any evidence supporting same, were insufficient to support an inference that

a county official had conspired with a private party to plant evidence and maliciously prosecute the

plaintiff); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Pfannstiel v. City of Marion*, 918

F.2d 1178, 1187 (5th Cir. 1990); *Streetman v. Jordan,* 918 F.2d 555, 557 (5th Cir. 1990; *Lynch v.*

*Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987).

        To prevail on a § 1983 conspiracy claim against an otherwise private party, the plaintiff must

allege and prove (1) an agreement between the private party and persons acting under color of state

law to commit an illegal act and (2) an actual deprivation of the plaintiff's constitutional rights in

furtherance of that agreement.  *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (holding a civil

rights conspiracy is only actionable if an actual violation of § 1983 resulted therefrom); *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994), *cert. denied*, 513 U.S. 1338 (1994); *Pfannstiel v. City of Marion*, 918 F.2d at 1187.  Plaintiff has not alleged any specific facts showing attorney Jacobs conspired with any person acting under color of state law to deprive plaintiff of any federal constitutional right or any federal statutory right.  Even assuming that plaintiff could establish that attorney Jacobs rendered ineffective assistance in connection with plaintiff's 1992-93 criminal prosecution in Kerr County cause no. A92-385 (and that this conviction has been reversed, vacated, or otherwise abrogated), plaintiff would not thereby automatically establish a federal civil rights cause of action because a criminal defense attorney does not become a state or government agent or actor merely by so doing.  *Briscoe v. LaHue*, 460 U.S. at 329 n.6.

Plaintiff's conclusory assertion that attorney Jacobs conspired with state district judge Ables and prosecuting attorneys Motley and Curry to coerce plaintiff into entering a guilty plea in Kerr County cause no. A92-385 is not supported by any specific facts showing such a conspiracy actually existed.  *See Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994) (allegations that multiple defendants participated in the same state court proceeding were insufficient to support assertion the defendants engaged in a civil rights conspiracy, i.e., an agreement to commit a deprivation of the plaintiff's constitutional rights).  Here, the only facts plaintiff alleges in support of his conclusory conspiracy claim are that attorney Jacobs (1) rendered ineffective assistance during plaintiff's state criminal prosecution, (2) met with prosecutors to "change" plaintiff's plea, and (3) remained silent when Judge Ables denied plaintiff's request to withdraw his guilty plea.  These conclusory assertions do not support a finding that attorney Jacobs conspired with Judge Ables or prosecutors to violate plaintiff's federal constitutional rights.  *Id.*

*See Priester v. Lowndes Cty*., 354 F.3d 414, 423 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004). Plaintiff's conclusory assertions of a conspiracy between attorney Jacobs, Judge Ables and the prosecutors are insufficient to support a claim for relief under § 1983 and frivolous.

### VIII.  <u>Plaintiff's Claims Against District Clerk's Office Personnel</u>

Insofar as plaintiff alleges various employees of the Kerr County District Clerk's office failed to properly preserve the records from his juvenile state criminal proceeding and failed to properly docket various documents plaintiff alleged transmitted to the Kerr County District Clerk's office since 1992, plaintiff's complaints fail to rise above the level of negligence.  Negligent acts are insufficient to support a claim for relief under § 1983 and insufficient to overcome the defense of qualified immunity applicable to the acts and omissions of the employees and officials of the Kerr County District Clerk's office.

Even when a state official or other person acting under color of state law engages in constitutionally impermissible conduct, the defendant may nevertheless be shielded from liability for civil damages if the defendant's actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al–Kidd,* 131 S. Ct. 2074, 2085 (2011); *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).

The defense of qualified immunity first recognized in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), is neither a complete barrier to recovery nor a true affirmative defense.  A party seeking damages from an official asserting *Harlow* qualified immunity bears the burden of overcoming that

defense. *McCreary v. Richardson*, 738 F.3d at 655; *Wyatt v. Fletcher*, 718 F.3d 496, 802 (5t5h Cir. 2013); *Crostley v. Lamar County, Texas*, 717 F.3d 410, 422 (5th Cir. 2013). The Fifth Circuit has authorized the dismissal as frivolous of civil rights claims which fail to establish a violation of the plaintiff's "clearly established" federal rights. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999) (affirming summary dismissal of complaint against state prison officials as frivolous on qualified immunity grounds). An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity. *Tamez v. City of San Marcos, Texas*, 118 F.3d 1085, 1091-92 (5th Cir. 1997), *cert. denied*, 522 U.S. 1125 (1998); *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known), *cert. denied sub nom. Ashabranner v. Goodman*, 558 U.S. 1148 (2010); *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 418 (5th Cir. 2008); *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (holding the same). An official acts within the scope of his authority if he discharges the duties generally assigned to him. *Tamez v. City of San Marcos, Texas*, 118 F.3d at 1091-92. For executive officers in general, qualified immunity is the norm. *Malley v. Briggs*, 475 U.S. at 340; *Harlow v. Fitzgerald*, 457 U.S. at 807.

The Supreme Court has admonished district courts that the *Harlow* qualified immunity is an immunity *from suit* rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court and the Fifth Circuit have also strongly encouraged district courts to dispose of §1983 lawsuits in which qualified immunity claims are apparent from the pleadings without resort to cumbersome and expensive discovery. *See Siegert v. Gilley*, 500 U.S. 226, 231-302

24

(1991) (holding that, until a determination is made that the plaintiff's clearly established constitutional rights were violated, discovery should not be allowed); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Mitchell v. Forsyth*, 472 U.S. at 526-27; *Harlow v. Fitzgerald*, 457 U.S. at 818.

Currently applicable constitutional standards are used in making the determination as to whether the defendant's conduct violated a plaintiff's "clearly established" constitutionally-protected right. *Siegert v. Gilley*, 500 U.S. at 231; *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006).  If the plaintiff passes this threshold, the Court must determine whether the defendant's conduct was "objectively reasonable" under legal principles as they existed at the time of the defendant's acts or omissions.  *See Wyatt v. Fletcher*, 718 F.3d at 502 (a right is clearly established only if its contours are sufficiently cleaf that a reasonable official would understand that what he is doing violates that right); *Easter v. Powell*, 467 F.3d at 462; *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1992).  In summary, the two-pronged qualified immunity test inquires first whether the defendant's conduct violated the plaintiff's clearly established constitutional rights and, second, whether the defendant's conduct was nonetheless objectively reasonable in light of legal principles as they existed at that time.  *Haverda v. Hays County*, 723 F.3d 586, 598 (5th Cir. 2013); *Wyatt v. Fletcher*, 718 F.3d at 502; *Prison Legal News v. Livingston*, 683 F.3d 201, 224 (5th Cir. 2012).

The Fifth Circuit Court of Appeals has also repeatedly encouraged the district courts to (1) require highly fact-specific pleading by a plaintiff in a §1983 lawsuit who attempts to overcome a plea of *Harlow* qualified immunity (*Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996); *Todd v. Hawk*, 72 F.3d at 446; *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)); and (2) permit limited discovery pending disposition of the qualified

immunity issue only in those extraordinary situations in which the specific facts contained in the plaintiff's pleadings and affidavits are sufficient to defeat the defendant's claims of qualified immunity. *Reyes v. Sazan*, 168 F.3d at 161. This heightened pleading requirement applies to *pro se* litigants. *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 621 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "[P]laintiffs must demonstrate *prior to discovery* that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Jackson v. City of Beaumont Police Department*, 958 F.2d at 620; *Reyes v. Sazan*, 168 F.3d at 161; *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990). A complaint which raises the likely issue of immunity cannot be cast in broad, vague, general, indefinite, or conclusory terms, but must include detailed facts supporting the contention that the plea of immunity cannot be sustained. *Gobert v. Caldwell*, 463 F.3d 339, 348 n.27 (5th Cir. 2006); *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997).

If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *See Lewis v. University of Texas Medical Branch*, 665 F.3d 625, 631 (5th Cir. 2011); *Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 407-08 (5th Cir. 2007); *see also Malley v. Briggs*, 475 U.S. at 341 (1986). Whether the conduct of which the plaintiff complains violated clearly established law is essentially a legal question. *Mitchell v. Forsyth*, 472 U.S. at 526. In a § 1983 lawsuit, the relevant inquiry is whether the legal right which the plaintiff asserts was violated was clearly established under federal law. *Pierce v. Smith*, 117 F.3d 866, 871 n.5 (5th Cir. 1997). In addition, merely negligent conduct on the part of a government official cannot meet the rather stringent standard for liability under §1983. *Daniels v. Williams*, 474

U.S. 326, 331-34 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  Plaintiff has alleged no specific facts showing defendants Uecker, Pieper, Burlew, or Stebbins committed any act or omission in connection with plaintiff's juvenile court records or submissions to the Kerr County District Clerk's office which rises above the level of ordinary negligence.

## X. Plaintiff's Claims Against Kerr County & Kerr County Sheriff's Department

Insofar as plaintiff seeks to recover monetary damages from Kerr County and the Kerr County Sheriff's Department based upon the allegedly wrongful actions of the employees or agents of those defendants, those efforts run afoul of the well-settled principle that vicarious liability does not apply to Section 1983 claims.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (municipality could not be held liable under § 1983 absent proof its failure to adequately train its employees rose to the level of deliberate indifference to the rights of its citizens); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)*; Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978) (a local government may not be sued under § 1983 for injury inflicted solely by its non-policymaking employees or agents).

Generally, a supervisor may be held liable only if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor implemented or enforced unconstitutional policies which actually resulted in the plaintiff's injuries. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Porter v. Epps*, 659 F.3d at 446; *Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010) (supervisor may be held liable under Section 1983 for failure to train or supervise subordinates if (1) the supervisor failed to train or supervise, (2) a causal link exists between the failure and violation of plaintiff's rights, and (3) the failure to train

27

or supervise amounts to deliberate indifference), *cert. denied*, 131 S. Ct. 2932 (2011).  Merely negligent or incompetent supervision cannot form a basis for liability under Section 1983; the supervisor's actions or inactions must rise to the level of "deliberate indifference." *Id.*

> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson,* — U.S. —, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011) (internal quotation marks omitted, alteration in original) (quoting *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).  To establish that a state actor disregarded a known or obvious consequence of his actions, there must be "actual or constructive notice" "that a particular omission in their training program causes...employees to violate citizens' constitutional rights" and the actor nevertheless "choose[s] to retain that program." *Id.* (citing *Bryan Cnty.,* 520 U.S. at 407, 117 S. Ct. 1382).  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

*Porter v. Epps*, 659 F.3d at 446-47.

Insofar as plaintiff seeks to recover a judgment against Kerr County or the Kerr County Sheriff's Department, plaintiff has failed to allege any specific facts showing that his federal constitutional rights were violated by any act or omission directly attributable to final Kerr County policymakers or to any official policy, long-standing custom, or wide-spread practice attributable to final Kerr County policymakers.

Plaintiff has also brought suit against a number of Kerr County officials and employees in their official capacities.  A suit against a public official in his or her "official capacity" is, in reality, a suit against the governmental entity the official represents.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Brandon v. Holt*, 469 U.S. 464, 471-72 (185); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Turner v. Huoma Municipal Fire and*

28

*Police Civil Service Board*, 229 F.3d 478, 483 (5th Cir. 2000); *Burge v. Parish of St. Tammany*, 187

F.3d 452, 466 (5th Cir. 1999); *Brooks v. George County, Mississippi*, 84 F.3d 157, 164 (5th Cir.

1996), *cert. denied*, 519 U.S. 948 (1996); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

In order to recover a judgment against a local governmental entity under § 1983, a plaintiff

must establish that he sustained a deprivation of constitutional or other federally-protected rights as

a result of some official policy, practice, or custom of that governmental entity. *Board of County*

*Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-04 (1997); *Johnson v. Deep*

*East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (holding

that, for a municipality to be liable on account of its policy, the plaintiff must show among other

things, either (1) the policy itself violated federal law or authorized or directed deprivation of federal

rights; or (2) the policy was adopted or maintained by the municipality's policymakers with

deliberate indifference as to its known or obvious consequences). *Board of County Commissioners,*

*Bryan County, Oklahoma v. Brown*, 520 U.S. at 404-05 (holding only *deliberate* conduct by a

municipality which actually causes an injury is compensable under Section 1983); *Spiller v. City of*

*Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997); *Leffall v. Dallas I.S.D.*, 28 F.3d

521, 525 (5th Cir. 1994). An official "policy" is most commonly defined as a policy statement,

ordinance, regulation, or decision that is officially adopted or promulgated by the municipality's

lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority.

*Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir.

2004); *In re Foust*, 310 F.3d 849, 861 (5th Cir. 2002). A municipal "policy" must be a "deliberate

and conscious choice" by a municipal policy-maker. *City of Canton v. Harris*, 489 U.S. 378, 389

(1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (*plurality*); *Gonzalez v. Ysleta*

*I.S.D.*, 996 F.2d 745, 752-60 (5th Cir. 1993); *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992).  Whereas, an official "custom" or "practice" is most commonly defined as a "persistent, widespread practice of municipal officials or employees," which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such custom or practice must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority.  *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d at 309; *Burge v. St. Tammany Parish*, 336 F.3d at 369; *In re Foust*, 310 F.3d at 861-62 (holding a persistent, widespread, practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy will furnish a basis for municipal liability); *McClendon v. City of Columbia*, 258 F.3d 432, 441-42 (5th Cir. 2001); *see also Sharp v. City of Houston*, 164 F.3d 923, 930 (5th Cir. 1999) (holding evidence established a municipal custom within the police department of a "code of silence" regarding sexual harassment of female officers and of retaliation against female officers who complained about same).

As is true for supervisory governmental officials, *respondeat superior* or vicarious liability is not a basis for recovery against a municipality or governmental entity  under § 1983.  *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 122 (1992); *Monell v. Department of Social Services of the City of New York*, 436 U.S. at 691-94; *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d at 308; *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) (holding a County may not be held liable under a *respondeat superior* theory), *cert. denied*, 534 U.S.

817 (2001) ; *Doe v. Dallas I.S.D.*, 153 F.3d at 215.  Plaintiff may not recover a judgment against Kerr County simply because employees or officials of that governmental entity committed negligent acts which harmed plaintiff or because those employees or agents of the County engaged in conduct which harmed plaintiff but which conduct did not reflect official County policy or a widespread, long-standing, custom or practice attributable to final County policymakers.

Simply put, a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor. *Board of Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 403; *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Gros v. City of Grand Praire, Texas*, 181 F.3d 613, 615 (5th Cir. 1999).  It is only when the execution of the government's policy or custom inflicts the injury that the governmental entity may be held liable under § 1983.  *Board of Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 403; *Victoria W. v. Larpenter*, 369 F.3d at 482; *Gros v. City of Grand Praire, Texas*, 181 F.3d at 615.

In contrast, when the discretionary decisions of a local governmental official are constrained by official governmental policies not of that official's making, the official's disobedience of, or departure from, those policies is not considered an act of the governmental entity for § 1983 purposes. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988) (*plurality*); *McConney v. City of Houston*, 863 F.2d 1180, 1184 & n.2 (5th Cir. 1989).  Thus, when a non-policy-making local governmental employee acts in a manner inconsistent with established governmental policy, the governmental employer cannot be held liable therefor under § 1983.  *City of St. Louis v. Praprotnik*, 485 U.S. at 121-22; *McConney v. City of Houston*, 863 F.2d at 1184 & n.2.

The Fifth Circuit has long made clear a § 1983 plaintiff must establish a causal connection between an alleged violation of the plaintiff's constitutional rights and the municipality's policies

or customs.  *See, e.g., Bishop v. Arcuri*, 674 F.3d at 467 ("A municipality is liable only when its policy is the 'moving force' behind the suffered injury, but when a municipal policy itself violates federal law, such a policy necessarily constitutes the 'moving force.'" (*citation omitted*));  *Spiller v. City of Texas City, Police Department*, 130 F.3d at 167 (holding that, to satisfy the cause in fact requirement, a plaintiff must allege the custom or policy served as the moving force behind the constitutional violation or that the injuries resulted from the execution of the official policy or custom; but emphasizing that the relationship between the underlying constitutional violation and the policy or custom must be based upon specific facts not mere conclusions).  Plaintiff has failed to allege any specific facts which show his federal constitutional rights were violated as a direct result of policies or customs attributable to Kerr County policymakers.  For instance, plaintiff fails to allege any facts showing any of the law enforcement officers who allegedly arrested and employed excessive force against plaintiff in August, 1992 possessed final County policymaking authority.  Plaintiff does not allege any specific facts showing the personal involvement of any person possessing final Kerr County policymaking authority in any other act or omission which resulted in a violation of plaintiff's federal constitutional rights.

Municipal liability under Section 1983 attaches only when the official responsible for establishing final policy with respect to the subject matter in question, makes a deliberate choice to follow a course of action from among various alternatives.  *Board of Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 404-05; *City of St. Louis v. Praprotnik*, 485 U.S. at 121-22; *Pembaur v. City of Cincinnati*, 475 U.S. at 483-84 (*plurality*); *Rhyne v. Henderson County*, 973 F.2d at 392.  Thus, mere negligence on the part of local governmental final policy-makers does not give rise to governmental liability under Section 1983.  *Daniels v. Williams*, 474 U.S. at 331-34;

32

*Davidson v. Cannon*, 474 U.S. at 347-48.  Plaintiff has failed to allege any specific facts showing his federal constitutional rights were violated as a result of any act attributable to final Kerr County policymakers.  Plaintiff has failed to allege any specific facts showing the alleged actions of defendants Uecker, Pieper, Burlew, and Stebbins about which plaintiff complains rose above the level of negligence.

The Court has carefully considered whether granting Plaintiff the opportunity to amend his pleadings would allow him to prevail on any of his causes of action in this matter, and has found that there is no conceivable way that such an opportunity would save his case on the merits.

Accordingly, it is hereby **ORDERED** that:

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.   All of plaintiff's § 1983 claims in this lawsuit are **DISMISSED WITHOUT PREJUDICE**  as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3.  All pending motions are **DISMISSED as moot**.

4.  The Clerk shall transmit a copy of the Memorandum Opinion and Order and the Final Judgment in this case to (1) the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List" and (2) the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711.

**SIGNED this 2nd day of May, 2016.**

_____

David Alan Ezra
Senior United States District Judge

33